UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Rodney Martinez                         )
                                        )
                                        )
v.                                      )     Civil Action No.: 1:22-cv-00478-AJ
                                        )
Demoulas Super Markets Inc.,            )
d/b/a Market Basket                     )
                                        )

**ANSWER, DEFENSES AND JURY DEMAND OF THE DEFENDANT**

Defendant Demoulas Super Markets, Inc., d/b/a Market Basket, by and through their counsel, Friedman Feeney, PLLC, by way of Answer to the Complaint says as follows:

1. Admitted.

2. Upon information and belief, admitted.

3. Denied. By way of further answer, Plaintiff was hired in March 2012 and is currently employed full-time in the Produce Department in the Londonderry Store.

4. Denied. Plaintiff is currently a full-time associate in the Produce Department in the Londonderry Store.

5. Denied.

6. Except to admit that full-time employees receive different benefits than part-time employees, the remainder of the allegations are denied.

7. Denied. By way of further response, while initially a good performer, Plaintiff performed less well when he felt that someone else should not have received a promotion.

8. Defendant lacks sufficient information to admit or deny and therefore denies same.

9. Defendant lacks sufficient information to admit or deny and therefore denies same.

10. Defendant denies the allegations of the first sentence. Defendant has no reason to dispute the remainder of the statements of this paragraph and therefore admits same.

11. Admitted.

12. Admitted.

13. Defendant admits the allegations in the first sentence. Defendant denies the allegations in the second sentence.

14. Denied.

15. Admitted in part, denied in part. Matthew Rettig, who was 26 yrs. old, and had expressed interest in full-time, was promoted from part-time to full-time on or about May 12, 2019. Mr. Rettig is no longer employed by the company, his employment ended on or about June 8, 2019. The full-time position remained unfilled from June 2019 until approximately December 29, 2019.

16. Admitted in part, denied in part. Mr. Rettig was terminated from the company in June, 2019. Plaintiff did not ask for full-time status.

17. Except to admit that Mr. Jones thought Plaintiff was a good candidate, Defendant denies the remainder of the allegations of this paragraph. By way of further response, Plaintiff did not express interest in full-time until late 2019 when another employee was in training.

18. Defendant denies the allegations of this paragraph.

19. Defendant denies the allegations of this paragraph.

20. Except to state that the correct name is Leclerc, not Leclair, Defendant denies the allegations of this paragraph.

21. Defendant denies the allegations of this paragraph.

22. Defendant denies the allegations of this paragraph.

23. Defendant lacks knowledge sufficient to admit or deny the first sentence and therefore denies same. Defendant denies the remainder of the allegations of this paragraph.

24. Defendant denies the allegations of this paragraph.

25. Defendant denies the allegations of this paragraph.

26. Except to state that the correct name is Leclerc, not Leclair, Defendant denies the allegations of this paragraph.

27. Defendant lacks knowledge sufficient to admit or deny the first sentence and therefore denies same. Defendant denies the remainder of the allegations of this paragraph.

28. Defendant lacks knowledge sufficient to admit or deny and therefore denies same.

29. Except to state that the correct name is Leclerc, not Leclair, Defendant denies the allegations of this paragraph.

30. Defendant denies the allegations of this paragraph.

31. Defendant denies the allegations of this paragraph.

32. Defendant denies the allegations of this paragraph.

33. Admitted.

34. Defendant lacks knowledge sufficient to admit or deny and therefore denies same.

35. Except to admit that Mr. King and the Plaintiff are different ages and that Mr. King is not within the protected class for age, Defendant denies the remainder of the allegations of this paragraph.

36. Defendant denies the allegations with respect to Mr. King; Defendant admits the allegations with respect to Plaintiff.

37. Except to admit the time frame that Plaintiff has worked for the company, Defendant denies the remainder of the allegations of this paragraph.

38. Admitted.

39. Admitted in part; denied in part. Mr. Boulanger was hired as a part-time employee in 2012 in the café. Mr. Boulanger was in an age-protected class at the time of his hire. Due to another employee's promotion out of the grocery department combined with Mr. Boulanger's interest in full-time, Mr. Boulanger was promoted to full-time grocery on or about December 23, 2018. Mr. Boulanger was in an age-protected class at the time of his promotion.

40. Defendant denies the allegations of this paragraph.

41. Defendant denies the allegations of this paragraph.

42. Defendant denies the allegations of this paragraph.

WHEREFORE Defendant demands dismissal of the Complaint with interest and costs thereon.

## DEFENSES

1. Defendant denies that its actions or those of its agents, servants or employees resulted in any discrimination which violated any state or federal law, concerning the employment of the Plaintiff or application for employment by the Plaintiff.

2. Defendant asserts that it complied at all times with applicable state and federal laws, and its own policies and procedures.

3. DSM exercised business judgment in its decision(s) with regard to the Plaintiff.

4. All decisions affecting Plaintiff's employment, including but not limited to any promotion, were made for legitimate, nondiscriminatory reasons.

5. The Plaintiff has failed to mitigate his damages.

6. Plaintiff has suffered no damages as a result of any actions by DSM.

7. At all times relevant to this litigation, the DSM's policies prohibited unlawful discrimination, including discrimination based on age.

8. Comparative negligence is reserved as a defense.

## JURY DEMAND

Defendant demands a jury trial on all issues so triable.

Respectfully submitted,
Demoulas Super Markets, Inc., d/b/a Market Basket
by its attorneys,
Friedman Feeney, PLLC

Date: November 15, 2022   By:  */s/ Dona Feeney*
Dona Feeney, Esq. (NH Bar No. 12854)
95 North State St., Ste #5
Concord, NH 03301
603-783-5105

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically served to all counsel of record through the ECF system.

Date: November 15, 2022   By:  */s/ Dona Feeney*
Dona Feeney, Esq.