UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| RODNEY MARTINEZ<br><br>Plaintiff,<br><br>v.<br><br>DEMOULAS SUPER MARKETS, INC.,<br>D/B/A MARKET BASKET<br><br>Defendant | Civil Action No.: 1:22-cv-00478-AJ |

FIRST AMENDED COMPLAINT
JURY TRIAL REQUESTED
INJUNCTIVE RELIEF REQUESTED

NOW COMES the Plaintiff, Rodney Martinez ("Plaintiff" or "Martinez"), by and through his undersigned counsel, and complains against Defendant, Demoulas Super Markets, Inc., d/b/a Market Basket, ("Defendant" or "Market Basket") as follows:

INTRODUCTION

1. This case is about a hard-working sixty-two-year-old employee who – after more than seven years of working as a part-time employee for Defendant – was passed over for a promotion to become a full-time employee for a younger and less qualified employee. Simply put, Martinez was discriminated against because of his age.

2. This case arises under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et al, and the New Hampshire Law Against Discrimination ("NHLAD"), NH RSA 354-A.

JURISDICTION AND PARTIES

3. Martinez is a United States citizen residing in the City of Manchester, County of Hillsborough, New Hampshire

4. Market Basket is a corporation with a principal place of business in the Town of Tewksbury County of Middlesex, Massachusetts.

5. Defendant is an "employer" as that term is used in the ADEA and RSA 354-A.

6. At all relevant times to this case, Defendant employed more than 25,000 employees.

7. There is more than $75,000 at issue in this case.

8. This Court has subject matter jurisdiction over Plaintiff's federal and state claims pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

9. On or around January 1, 2020, Plaintiff filed a timely Complaint of Discrimination against Defendant alleging violations of ADEA and RSA 354-A.

10. On August 27, 2022, the New Hampshire Commission on Human Rights found probable cause for discrimination.

11. Afterwards, Defendant removed this matter to the New Hampshire Superior Court.

12. After the matter was removed to New Hampshire Superior Court, Defendant subsequently removed this case to this Court.

13. On October 26, 2022, the Equal Employment Opportunity Commission (EEOC) issued a letter reflecting that the EEOC had adopted the findings of the NHCHR in the matter with regard to Plaintiff's federal ADEA claim and that the EEOC was issuing a right to sue letter in light of the failure of the parties to conciliate the matter.

14. Plaintiff has exhausted his administrative remedies with respect to all claims set forth in this Complaint that requires administrative exhaustion.

## JURY TRIAL REQUESTED

15. Plaintiff requests a trial by jury for all claims and issues for which a jury is permitted.

## FACTS

16. Market Basket operates a chain of grocery stores.

17. Martinez was born in 1957.

18. Market Basket hired Martinez as a Product Associate for its Manchester, New Hampshire location on March 12, 2012.

19. Despite his status as a part-time associate, Market Basket consistently scheduled Martinez to work in excess of 36 hours per week.

20. During the year leading up to the initial failure to promote Martinez to full time, he had frequently been working over 45 hours per week.

21. At Market Basket, there is a significant difference in pay and benefits between part-time and full-time employment including but not limited to:

    a. Pay rate: Employees get a raise when they are promoted from part-time to full-time;

    b. Hours per week: Full time employees are guaranteed at least 40 hours per week and most of them work at least 45 hours per week and sometimes substantially more than 45 hours per week;

    c. Paid time off: Full-time employees get paid vacation and sick leave; part-time employees do not.

    d. Bonus and profit sharing: Full-time employees receive bigger bonuses and profit sharing;

    e. Dental insurance: Full-time employees are eligible for dental insurance.

    f. The opportunity to work substantially more hours than part-time employees.

22. At all relevant times, Martinez was qualified to be a part-time or full-time Produce Associate.

23. When Martinez filled out his application for employment he indicated that he was available for 40+ hours per week, days, nights and weekends.

24. When Martinez filled out his application for employment he stated that his objective was "fulltime retail position in the Greater Manchester area."

25. Martinez was always interested in promotion to a full-time position and at all times since his employment it was his goal to be promoted to a full-time position and then continue to progress at Market Basket.

26. Martinez had over twelve years of retail experience and the time of the initial failure to promote.

27. Martinez has a Master of Education degree as well as other relevant credentials.

28. Martinez job performance with Market Basket has always been satisfactory which is reflected in his performance evaluations.

29. Martinez has never called out sick.

30. The only day Martinez missed work was due to a work-related injury when Martinez got bleach in his eye.

31. Martinez received steady raises over the years.

32. During the week of December 29, 2019, Martinez pay went up from $11.25 per hour to $11.50 per hour, effective December 19, 2019.

33. Market Basket uses a progressive discipline policy for all employees, including part-time employees.

34. Martinez has never been disciplined for anything.

35. Market Basket does not utilize a formal application process for promotions to full-time status.

36. Rather than formally post open, full-time positions and conduct an objective and documented hiring process, Market Basket instead utilizes a more subjective, ad hoc process in which supervisors consider employees on their rosters who the supervisor feels may be suitable and interested in full-time and then communicate with the identified employees about possible promotion.

37. Market Basket's informal and subjective process for promoting employees creates conditions which substantially increase the likelihood of discriminatory hiring practices.

38. Market Basket's informal and subjective process has led to younger employees being selected for promotions to full-time while older employees were passed over.

39. Martinez has never been told about open, full-time positions in his own department or in other departments or stores.

40. Martinez has asked his manager for promotion to full-time status several times.

41. In May 2019, Matthew Rettig ("Rettig"), who was 27 years old and a part-time employee was promoted to full-time status.

42. Rettig was subsequently fired in June 2019 for misconduct. According to Market Basket, Rettig was terminated for using drugs on the job.

43. In July 2019, after Rettig was promoted and terminated, Martinez asked his manager again to be promoted to full-time status.

44. Martinez's manager, Jeff Jones ("Jones"), appeared to support his request.

45. Jones told Martinez that he was an excellent employee and exactly what Market Basket was looking for.

46. Jones indicated that there should not be an issue with Martinez's request.

47. Jones said that he would recommend Martinez for the full-time position.

48. Jones mentioned that they would never have promoted Rettig if he had known that Martinez was interested.

49. Martinez replied that he was not aware of the opportunity.

50. Jones explained that he would be interviewed by the Area Supervisor, Ryan Belliveau ("Belliveau"), and Store Director, Mike Leclair ("Leclair").

51. Approximately two weeks later, Jones took Martinez about 30 feet from Martinez's work station and informed him that Belliveau and Leclair had some questions for him.

52. Jones's first question was, "What are you, about sixty?"

53. Martinez was taken aback.

54. Martinez answered that he was sixty-two (62) years old.

55. Jones clarified there was a push for young people to promote to managers in the near future.

56. Martinez replied that nevertheless, he was highly interested in being promoted.

57. Jones then said that Belliveau and Leclair asked, "Would he agree to step down to part-time status again when he gets too old?"

58. Martinez was stunned.

59. Martinez told Jones that he had no plans to retire in the near future.

60. When Jones persisted, Martinez replied that anybody can drop dead at any time regardless of age.

61. Martinez often goes to the gym after work and is in excellent shape.

62. Martinez had a recent physical and is healthy.

63. Jones told Martinez he tried to tell Belliveau and Leclair that Martinez was a good candidate.

64. Jones asked Martinez the following questions:

    Q: Would you help with the truck?

A: Yes, I already help with the truck when necessary.

(This refers to unloading the produce truck and putting produce on shelves.)

Q: Would you agree to transfer if necessary?

A: Yes.

(This refers to transferring to a different store within a certain radius.)

Q: Do you have adequate transportation?

A: Yes, I have a car with less than 8,000 miles. Also, I live very close to the store where I currently work.

Q: Are you willing to close on Sundays?

A: Yes.

65. Since July 2019, Martinez repeatedly asked Jones for a decision on his promotion to full-time status.

66. Jones would always avoid the question with excuses, such as Belliveau is "in a bad mood" or Belliveau is "too busy."

67. On several different occasions, Jones told Martinez that he had texted or emailed Belliveau and that Belliveau had not responded.

68. Jones once promised Martinez that he would put him on the phone to speak with Belliveau during one of Jones's weekly conference calls, but this never happened.

69. Belliveau reassured Martinez that he would be interviewed formally after more assistant managers are hired.

70. In early December 2019, a younger part-time employee, Derek King ("King"), was promoted to full-time status.

71. Martinez became aware that King was promoted when the assistant manager paged, "full-time Derek," to the produce back room in about December 15, 2019.

72. King was 22 years old at the time and therefore much younger than Martinez.

73. King had worked for Market Basket for less time than Martinez.

74. King had only been employed for three (3) years.

75. Martinez had been employed for seven (7) years at that time.

76. Martinez had worked in the produce department for seven (7) years at that time.

77. King started out in another department and moved to produce about one (1) year prior.

78. Market Basket part-time employees frequently get promoted full-time status.

79. Most Market Basket employees start out working as part-time employees but are then promoted to full-time status either within their department, another department, or moved to a different store entirely.

80. One example of this is Paul Boulanger ("Boulanger").

81. According to the Defendant, Boulanger was 49 years old at the time of his hire, more than 12 years younger than Martinez.

82. Boulanger started out working as a part-time employee in the kitchen making sandwiches.

83. Boulanger asked to be promoted to a full-time employee.

84. Market Basket granted Boulanger's request to be promoted to a full-time employee.

85. Boulanger was promoted to a full-time grocery associate.

86. Upon information and belief, Market Basket has a huge labor shortage and there are many full-time positions that Market Basket cannot fill.

87. Martinez was denied promotion to full-time status repeatedly due to his age, most recently in early December 2019.

88. Finally, in the Summer of 2022, Martinez was promoted to a full-time position by a different set of managers to a position at a different store.

89. In the context of his promotion to full-time status, Martinez received a raise from $11.50 per hour to $15 per hour and then $16 per hour.

90. After promotion to full-time status, Martinez routinely receives substantially more hours and overtime than he received as a part-time employee, i.e. around 16 hours of overtime per week.

91. If Martinez had been promoted to full-time in 2019 he would have received a substantial raise and a substantially greater number of overtime hours.

92. Martinez has suffered substantial lost wages and benefits during the period from June 2019 to the present as a result of the failure to promote and likely missed out on further opportunities for advancement and pay increases due to the three year delay in promotion.

93. Martinez has had to pay out of pocket for dental care that would have been covered if he was promoted to full-time status in 2019.

94. Martinez would have received more in the way of bonuses and profit sharing if he was promoted to full-time status in 2019.

95. Martinez would have received more paid time off if he was promoted to full-time status in 2019.

96. During the NHCHR process, in its response to Martinez's Charge of Discrimination, Market Basket asserted that there was evidence supporting that its failure to promote Martinez was not due to age. In particular, Market Basket alleged that Jones reached out to Martinez and another employee in the Spring of 2018 about "the prospect of full-time work" and that Martinez and the other employee did not "express any interest" and that Martinez also failed

to express interest in a full-time position during the period from June 2019 and December 2019 when there was an unfilled full-time position in the produce department.

97. These allegations by Market Basket are false and evidence of pretext. Jones never asked Martinez whether he was interested in "the prospect of full time work" in 2018 and Martinez never indicated that he was not interested in full-time work. In fact, Martinez was interested in full-time work and the increased pay, hours, and benefits that came with full-time work and expressed his interest.

98. In addition, as discussed above, Martinez did repeatedly express interest in full-time work after Rettig's hire.

99. In addition, Martinez was working full time hours at the time in question but was not being given the higher rate of pay and additional benefits of full-time status. In this context, Market Basket's claim that Martinez rejected full time status makes no sense.

100. In its NHCHR submission, Market Basket also claimed that Martinez first expressed interest in a full-time position when King was in his training period just prior to being promoted to full-time and that Martinez was not considered because King had already been hired.

101. As discussed above, this is false and evidence of pretext. Martinez expressed interest in full-time work before this timeframe including before King's hire.

102. In its NHCHR submission, Market Basket also claimed that Martinez was not considered for full time work following King's promotion in December 2019 because Martinez was "irritated and his performance started to suffer" and that Martinez has not been considered for full time work since that time because Martinez' "performance has waned and he has not consistently demonstrated the enthusiasm he once did".

103. Market Basket's allegations regarding Martinez's performance and attitude are false and evidence of pretext.

104. During the course of the NHCHR investigation, the Commission requested and obtained information from Market Basket reflecting that in 2017 Market Basket's Manchester location promoted six employees from part-time to full-time status and that five of those employees were under 36 years of age and one employee was 46 years old; that in 2018 Market Basket's Manchester location promoted fifteen employees from part-time to full-time status and that fourteen of those employees were under 34 years of age and one employee was 46 years old; and that in 2019 Market Basket's Manchester location promoted sixteen employees from part-time to full-time status and that thirteen of those employees were under 37 years of age and the other three were over 40 years of age.

105. Based on the statements made by Jones, it is likely that Market Basket is discriminating against other older workers based on their age as well. There appears to be a pattern of discrimination against older workers.

106. The statements by Jones to Martinez regarding his age in advance of Jones' failure to promote Martinez are evidence of ageist animus, motive, and direct evidence of age discrimination.

107. Market Basket's hiring practices reflect that Market Basket has promoted younger employees into full-time positions and passed over older employees. This disparate treatment is strong evidence of age discrimination.

108. The fact that Market Basket has provided false explanations for its failure to promote Martinez and promotion of younger, less qualified employees evidences an effort by Market Basket to dissemble the facts to cover up a discriminatory purpose.

## COUNT I
## Violation of the ADEA

109. Paragraphs 1 – 108 are incorporated by reference.

110. Plaintiff was 40 years or older at the time of the events giving rise to his claims.

111. Defendant has discriminated against Plaintiff in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq. ("ADEA"), by subjecting him to different treatment on the basis of his age. Defendant failed to promote Plaintiff repeatedly between June 2019 and June 2022 because of age.

112. Defendant has discriminated against Plaintiff by treating him differently from and less preferably than similarly situated younger employees, by subjecting him to discriminatory hiring/promoting practices, and other forms of discrimination, in violation of the ADEA.

113. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Plaintiff, entitling him to liquidated damages.

114. As a result of Defendant's conduct alleged in this complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to lost earnings, lost benefits, and other financial loss, as well as humiliation, embarrassment, emotional and physical distress, and mental anguish.

115. By reason of Defendant's conduct as alleged herein, Plaintiff is entitled to all legal and equitable remedies available for violations of the ADEA, including liquidated damages and attorneys' fees.

## COUNT II
## Violation of NH RSA 354-A

116. Paragraphs 1 – 115 are incorporated by reference.

117. Plaintiff was 40 years or older at the time of the events giving rise to his claims.

118. Defendant has discriminated against Plaintiff in violation of the New Hampshire Law Against Discrimination ("NLAD"), by subjecting him to different treatment on the basis of his age. Defendant failed to promote Plaintiff repeatedly between June 2019 and June 2022 because of age.

119. Defendant has discriminated against Plaintiff by treating him differently from and less preferably than similarly situated younger employees, by subjecting him to discriminatory hiring/promoting practices, and other forms of discrimination, in violation of the NHLAD.

120. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Plaintiff, entitling him to enhanced compensatory damages.

121. As a result of Defendant's conduct alleged in this complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to lost earnings, lost benefits, and other financial loss, as well as humiliation, embarrassment, emotional and physical distress, and mental anguish.

122. By reason of Defendant's conduct as alleged herein, Plaintiff is entitled to all legal and equitable remedies available for violations of the NHLAD, including liquidated damages and attorneys' fees.

PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court grant the following relief:

    A.    Declare the conduct engaged in by Defendant to be in violation of his rights;

    B.    Enjoin Defendant, its agents, successors, employees, and those acting in concert with it from continuing to violate his rights;

C. Order Defendant to reinstate Plaintiff or award front pay to Plaintiff;

D. Award lost future earnings to compensate Plaintiff for the diminution in expected earnings caused by Defendant's discrimination;

E. Award equitable-relief for back pay, lost benefits, and prejudgment interest;

F. Award compensatory damages in an amount to be determined at trial;

G. Award enhanced compensatory damages in an amount to be determined at trial;

H. Award liquidated damages;

I. Award nominal damages;

J. Award attorney's fees, including legal expenses, and costs;

K. Award prejudgment interest;

L. Permanently enjoin Defendant from engaging in any employment practices which discriminate on the basis of age;

M. Require Defendant's owner to mail a letter to all employees notifying them of the verdict against it and stating that Defendant will not tolerate age discrimination in the future;

N. Require that Defendant post a notice in all of its workplaces of the verdict and a copy of the Court's order for injunctive relief;

O. Require that Defendant train all management level employees on the prohibitions against age discrimination in the ADEA and 354-A;

P. Grant to Plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

Dated: December 2, 2022

/s/ Chad T. Hansen
Chad T. Hansen, NH Bar No. 269340

/s/ Martin P. Tartre
Martin P. Tartre, NH Bar No. 276469

Attorneys for the Plaintiff

EMPLOYEE RIGHTS GROUP
92 Exchange Street 2nd floor
Portland, Maine 04101
Tel. (207) 874-0905
Fax (207) 874-0343
Chad@EmployeeRightsLaw.Attorney
Martin@EmployeeRightsLaw.Attorney

## CERTIFICATE OF SERVICE

I certify that I served the foregoing document upon all counsel via the Court's ECF system.

Date: December 2, 2022

/s/ Chad T. Hansen
Chad T. Hansen